UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL MATTHEW MORRIS, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 1:19-CV-236 SNLJ |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on review of the record. On January 7, 2020, the Court ordered movant to show cause why his motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255 should not be dismissed as untimely. Movant sought and was granted two extensions of time to respond to the Court's Order, but he still failed to file a responsive brief.[1] Because movant's motion to vacate is time-barred, the Court will deny and dismiss the motion at this time.

### **Background**

On August 21, 2018, movant pled guilty to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(A)(i), possession of a firearm, in violation of 18 U.S.C §§ 922(g)(1) and 924(a)(2), possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(C) and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(C). *United*

---

[1]Movant also filed a motion for discovery on March 23, 2020. The Court will deny movant's motion herein. Discovery is premature until Rule 4 review has occurred.

1

*States v. Morris*, No. 1:18-CR-42SNLJ-2 (E.D. Mo.). On November 27, 2018, the Court sentenced movant to a term of 96 months' imprisonment and three years of supervised release. Movant did not appeal.

On December 18, 2019[2], movant filed a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Movant requests that the Court vacate his sentence and resentence him without the "922(g)" conviction."

**Discussion**

Motions brought pursuant to 28 U.S.C. § 2255 are subject to a one-year limitations period. *Peden v. United States*, 914 F.3d 1151, 1152 (8th Cir. 2019). The limitations period runs from the latest of four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2] Under the prison mailbox rule, a 28 U.S.C. § 2255 motion to vacate is deemed timely filed when an inmate deposits it in the prison mail system prior to the expiration of the filing deadline. *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999).

28 U.S.C. § 2255 (f). In practice, however, the one-year statute of limitations "usually means that a prisoner must file a motion within one year of the date on which the judgment of conviction becomes final." *Mora-Higuera v. United States*, 914 F.3d 1152, 1154 (8th Cir. 2019).

Pursuant to 28 U.S.C. § 2255(f)(1), the one-year limitations period runs from "the date on which the judgment of conviction becomes final." An unappealed criminal judgment becomes final when the time for filing a direct appeal expires. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008); and *Never Misses A Shot v. United States*, 413 F.3d 781, 782 (8th Cir. 2005). In a criminal case, a defendant's notice of appeal must be filed in the district court within fourteen days. Fed. R. App. Proc. 4(b)(1).

Here, movant was sentenced on November 27, 2018. He had fourteen days to file an appeal, which he did not do. Thus, his judgment became final on Tuesday, December 11, 2018, at which point the statute of limitations began to run. From that point, movant had until December 11, 2019 in which to timely file his motion. However, he did not file the instant motion until December 18, 2019 approximately seven days late. Therefore, his motion appears untimely under § 2255(f)(1).

Movant does not speak to the timeliness of his motion; however, he asserts actual innocence in his motion to vacate, asserting that he is able to mount a challenge to his conviction under 18 U.S.C. § 922(g) pursuant to the recent Supreme Court case of *Rehaif v. United States*, 139 S.Ct. 2191 (2019).

### Timeliness Under 28 U.S.C. § 2255(f)(3)

Pursuant to 28 U.S.C. § 2255(f)(3), the one-year limitations period begins to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on

3

collateral review." Movant asserts that his § 2255 motion is timely because it was filed within one year of *Rehaif v. United States,* 139 S.Ct. 2191 (2019), which was decided on June 21, 2019. However, it does not appear that *Rehaif* is applicable to movant's case.

In *Rehaif v. United States,* the Supreme Court determined that in a prosecution under 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2), the government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S.Ct. 2191, 2194 (2019). The petitioner in *Rehaif* was inside the United States on a nonimmigrant student visa. *Id.* He received poor grades and was dismissed by his university. *Id.* Upon dismissal, the university advised petitioner "that his immigration status would be terminated unless he transferred to a different university or left the country." *Id.* After the government learned that petitioner had gone to a firing range and shot two firearms, he was prosecuted for possessing firearms as an unlawful alien in the United States, in violation of § 922(g) and § 924(a)(2). *Id.*

Hamid Mohamed Ahmed Ali Rehaif took his case to trial. *Id.* He was convicted by a jury and sentenced to 18 months' imprisonment. *Id.* Rehaif appealed, arguing that the judge erred by instructing the jury that it did not have to find that he knew he was in the country unlawfully. *Id.* at 2195. The United States Court of Appeals for the Eleventh Circuit affirmed petitioner's conviction, determining that the jury instruction was correct. *Id.* The Supreme Court reversed, concluding that "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200.

Like the petitioner in *Rehaif,* the movant in this case was sentenced under 18 U.S.C. § 922(g). Nevertheless, as explained below, the holding in *Rehaif* does not appear to act to extend

4

the statute of limitations in movant's case. First, there are important factual dissimilarities between *Rehaif* and movant's case. *Rehaif* was not a felon, but an immigrant who overstayed his visa. He pleaded not guilty and elected to go to trial, where he was convicted by a jury.

Movant, on the other hand, is a United States citizen. He pleaded guilty to being a felon in possession of a firearm. As part of that plea, movant signed a plea agreement in which he "admits to knowingly violating Title 18 United States Code, Section 922(g)(1)." Thus, the issue in *Rehaif* – that of the government's burden of proving that the defendant knows his status – is not relevant here. *See Taylor v. Huggins*, 2019 WL 6481799, at *4 (N.D. W. Va. 2019) (explaining that *Rehaif* did not apply to petitioner's motion because he "pleaded guilty to this charge in a plea agreement which set forth the elements of the offense"); *Moore v. United States*, 2019 WL 4394755, at *1 (W.D. Tenn. 2019) (explaining that unlike *Rehaif*, who went to trial, petitioner "pleaded guilty, waived his right to trial, and accepted responsibility for his actions"); and *United States v. Shobe*, 2019 WL 3029111, at *2 (N.D. Okla. 2019) (stating that *Rehaif* had "no effect on the validity of defendant's conviction under § 922(g), because there is no dispute that he knew he was a prohibited person who could not lawfully possess a firearm").

Second, in order to receive the benefit of the statute of limitations in 28 U.S.C. § 2255(f)(3), the Supreme Court must have recognized a new constitutional right. There is no indication in *Rehaif* that the Supreme Court did this. Rather, the Supreme Court engaged in statutory interpretation. *See In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (explaining that *Rehaif* decision did not announce a new rule of constitutional law, but rather clarified that "in prosecuting an individual under 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a) (2)…the government must prove that the defendant knew he violated each of the material elements of § 922(g)"); *United States v.*

5

*Class*, 930 F.3d 460, 469 (D.C. Cir. 2019) (stating that *Rehaif* resolved a matter of statutory construction, not the constitutional right to due process); and *Littlejohn v. United States*, 2019 WL 6208549, at *2 (W.D. N.C. 2019) (stating that "*Rehaif* did not announce a new rule of constitutional law but rather clarified the requirements of 18 U.S.C. § 922(g) and 924(a)(2)").

Finally, even if the Supreme Court did announce a new rule, movant has not demonstrated that the new rule has been made retroactively applicable to cases on collateral review. While not discussed in *Rehaif*, other courts addressing the issue have determined that *Rehaif* is not to be applied retroactively. *See Palacios*, 931 F.3d at 1315 (stating that even if *Rehaif* had announced a new rule of constitutional law, it was not made retroactively applicable to cases on collateral review by the Supreme Court"); *Shobe*, 2019 WL 3029111, at *2 (stating that *Rehaif* has not been made retroactively applicable to cases on collateral review); *Moore*, 2019 WL 4394755, at *2 (stating that the Supreme Court's decision in *Rehaif* "did not announce a new rule of constitutional law made retroactive to cases on collateral review"); and *Nixon v. United States*, 2019 WL 6498088, at *3 (N.D. Tex. 2019) (explaining that the Supreme Court in *Rehaif* did not announce a new rule made retroactive; rather, it merely interpreted 18 U.S.C. § 922(g) to require the government to show that the defendant knew he had the relevant status when he possessed a firearm). For these reasons, it does not appear *Rehaif* entitles movant to the one-year limitations period in 28 U.S.C. § 2255(f)(3). And this Court agrees with the other District Courts in holding that *Rehaif* did not announce a new rule of Constitutional law.

Movant's 28 U.S.C. § 2255 motion is untimely. Under § 2255(f)(1), movant's one-year limitations period expired on December 11, 2019, approximately seven days before movant filed the instant motion. Meanwhile, the limitations period in § 2255(f)(3) does not seem to apply to

movant, as his case is factually distinguishable from *Rehaif*, and because *Rehaif* did not announce a new rule of constitutional law made retroactively applicable to cases on collateral review. Therefore, the Court will deny and dismiss movant's motion to vacate as time-barred. No certificate of appealability will issue.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set-aside or correct illegal sentence brought pursuant to 28 U.S.C. § 2255 motion is **DENIED AND DISMISSED** as time-barred.

**IT IS FURTHER ORDERED** that movant's motion for discovery [Doc. #7] is **DENIED AS MOOT** and because Rule 4 review had not yet been completed at the time movant filed his motion for discovery.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 26th day of March, 2020.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE